Murphy *v.* Spence.

---

## JULIA MURPHY *vs.* JOHN SPENCE.

Under *St.* 1857, *c.* 305, the complainant in a bastardy process is a competent witness for all purposes, including the fact of her having accused the respondent in the time of her travail.

It is no ground of dismissing a bastardy process, that the record of the justice before whom it was commenced states that he found the respondent guilty, and not that he adjudged him to be the father of the child.

Objections to the form of a complaint filed in the court of common pleas under the bastardy act cannot be first taken in this court to which the case has been brought on other exceptions.

BASTARDY PROCESS. The record of the justice of the peace, to whom the complaint was originally made, after stating the complaint and warrant, the defendant's arraignment and plea of not guilty, stated that " after due and full examination it is considered by " the justice " that he is guilty of the offence charged here against him," and he was ordered to give bond for his appearance at August term 1857 of the court of common pleas. The trial in that court was had before *Sanger,* J., who allowed this bill of exceptions :

" The proceedings before the justice and the new complaint filed in this court may be referred to as part hereof. The defendant put in the plea of not guilty, upon which issue was joined and a verdict found for the complainant.

" At the trial in this court the respondent moved orally that

the proceedings be dismissed because it did not appear that the respondent was adjudged by the justice to be the father of the child. The court did not dismiss the proceedings.

" Without any preliminary proof from other witnesses, that during her travail, and before the delivery of the child, she had accused the respondent with being its father, the complainant was permitted, against the respondent's objections, to testify, and she was the only witness for the complainant. From her cross-examination and from the testimony of a witness introduced by the respondent, which tended to prove, as the respondent claimed, that the complainant had made statements at the preliminary examination, inconsistent with her testimony at this trial, the respondent contended that her testimony was contradictory and unworthy of belief.

" After the arguments of counsel, there being no request of counsel for special instructions, the court instructed the jury in regard to the case, and to these instructions no exceptions were taken.

" After the court had finished summing up to the jury, the respondent prayed the court to instruct the jury that if the complainant had given contradictory statements as to the time and place when the child was begotten, or did not know when it was begotten, she had not been constant in her accusation, and the complaint was not supported; and that if they believed she had falsified in either examination, she was not now to be believed unless supported by other testimony than her own. And the court thereupon further instructed the jury that she had been constant in her accusation, if she had uniformly accused the respondent and no other person with being the father of the child; and if from all the testimony they believed the respondent was the father of the child, begotten substantially as set forth in the complaint, they should find the respondent guilty; and that they should not rely upon the testimony of the complainant, if they believed that she had intentionally sworn falsely as to any matter. To which rulings the respondent excepts."

At the argument in this court, the respondent objected that the complaint filed in the court of common pleas was insuffi-

cient, because it did not allege the time and place of begetting the child, nor that the complainant accused the respondent at the birth and before the delivery.

*P. Simmons*, for the respondent.

*D. U. Johnson*, for the complainant.

SHAW, C. J. That the complainant should have charged the respondent in the time of her travail is a condition precedent to maintaining her complaint. Under the former law, she could only be a witness, on proving such accusation by another witness. But by *St.* 1857, *c.* 305, she is made a competent witness, because this is a civil proceeding. *Reardon* v. *Russell, ante,* 366. She is therefore a witness for all purposes, and may testify to the fact of such accusation.

The other rulings at the trial were right. The objections not made at the trial are not open now.     *Exceptions overruled.*